6   507
30  650

## Lycurgus McCracken v. The State.

1. CONTINUANCE. — Defendant, being indicted for the theft of a horse he had borrowed from the owner, applied for a first continuance, to obtain testimony to prove that, instead of appropriating the animal, he had turned it loose upon its accustomed range, expecting it to return to its owner. *Held*, that the testimony was material; and, the application being otherwise sufficient, the continuance should have been granted.

2. EVIDENCE. — A State's witness being asked, on cross-examination, if he had inquired of one G. respecting the stolen animal, replied that he had not, because "people told him there was no such man as G. living in the county." The defence moved that the latter part of the answer be stricken out for irrelevancy and as hearsay. *Held*, that the motion should have been sustained.

APPEAL from the District Court of Llano. Tried below before the Hon. W. A. BLACKBURN.

The indictment charged the theft of a gelding, and the trial resulting in conviction, the penalty was assessed at six years in the penitentiary.

The substance of the testimony of A. J. Steagall, on the part of the State, was that, for four or five weeks before the alleged theft, the defendant had been engaged in picking cotton for him. On the Sunday of the alleged theft, the defendant borrowed the gelding of the witness to ride over to the house of a Mr. Haynes, to see if he could there procure employment. The defendant started in that direction early in the morning, promising to be back by one o'clock, since which time the witness has not seen his gelding; nor

did he see the defendant again until he saw him in the Llano jail, after his arrest. Witness saw the defendant twice in jail. On one occasion he told witness that he left the gelding at Dr. Latham's, and on the other, that he left him at a Mr. Gisecke's. Witness did not give defendant his consent to dispose of the gelding, nor to use it longer than the time for which he borrowed it. Knew the defendant as Samuel Morgan; had never known him as Lycurgus McCracken.

Cross-examined, this witness stated that he got the gelding from Dr. Latham in the spring of 1878. Latham had owned him five or six months before, and had, the witness thinks, kept him in a stable, never turning him out. Witness, while he owned him, was in the habit of turning him out, and the horse ranged about the house, — never over a half-mile distant. The defendant did not tell witness that he learned *en route* that Haynes was not at home, and that, meeting Gisecke going to Austin in a wagon, he concluded to go with him, and turned the horse loose on the range, near Latham's. Witness did not look about the range for the horse, inasmuch as, upon inquiry of every one, he knew he would not find him. Did not ask Gisecke about the horse, for people told him that no such man lived in the county.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

ECTOR, P. J.  The defendant was indicted at the November term, 1878, of the District Court of Llano County, for the theft of a gelding, the property of A. J. Steagall. He was tried and convicted at the April term, 1879, of said court, and his punishment was assessed at confinement in the penitentiary for the term of six years.

There are only two questions raised in the record which

we propose to consider. They are in the ruling of the court, first, on defendant's application for a continuance; and, second, on the application of defendant to strike out a portion of the answer of the State's witness Steagall, which was not responsive to the question asked him. The evidence on the part of the State shows, substantially, that Steagall employed defendant to pick cotton for him in the fall of 1878. Steagall testified that defendant made a very faithful hand, and worked for him six or seven weeks. At the end of that time defendant desired to go over to a Mr. Haynes's, who wanted some hands to pick cotton, about eight miles distant, to see if defendant could get work from him, and borrowed Steagall's gelding to ride. He was to return the same day. Steagall saw nothing more of the defendant until he saw him in Llano County jail, after he was indicted for the theft of said gelding, and has not seen his gelding since the morning he loaned him to defendant. He never gave the defendant his consent to dispose of said gelding, or to keep him. The theory of the defence was that, after leaving the house of Steagall, the defendant met up with one Adolph Gisecke, who resided in the county of Blanco, State of Texas, and was in a wagon, on his way to the city of Austin, and that defendant concluded to go with Gisecke to Austin, and turned Steagall's gelding loose on his regular range, on the same day he borrowed him, expecting said gelding to return home.

The application for continuance was for the want of the testimony of the witness Adolph Gisecke, to prove the facts relied on by the defence; and the defendant has set out, in his application for continuance, the diligence used by him to procure the attendance of the witness at the trial of the cause.

The diligence used was a sufficient compliance with the requirements of the statute on a first application, especially in view of the fact that, immediately after the adjournment of the court, the defendant was removed from the county

of Llano to the jail of Travis County, for safe-keeping, where he remained until he was carried back to Llano County to stand his trial, and the further fact that the counsel appointed by the court to defend him were non-residents of Llano County. If the defendant borrowed the gelding, and did not appropriate him to his own use, but turned the animal loose on his accustomed range, thinking he would go home, and the owner lost his gelding, defendant would be responsible for his value, but not guilty of theft. We believe that defendant was entitled to have the facts which he stated in his application he could prove by the absent witness submitted to the jury, to enable them to pass upon the whole case.

On the trial of the cause, the following question was asked, by counsel for defence, of the witness Steagall, to wit: "Did you inquire of Adolph Gisecke about your gelding?" To which question said witness made the following answer: "I did not inquire of Gisecke about the gelding, because people told me there was no such man living in the county." The defendant objected to all that part of said answer which referred to what was told witness, because the same was not responsive to the question asked, and because the same was hearsay evidence, and asked that the same be stricken out; which objection was overruled by the court, to which ruling the defendant saved a bill of exceptions. In this, we think, the court erred.

For the reasons given, the judgment of the District Court is reversed and the cause remanded.

*Reversed and remanded.*